1  Kenneth N. Russak (State Bar No. 107283)
   krussak@frandzel.com
2  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
3  Seventeenth Floor
   Los Angeles, California 90048-4920
4  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
5
   Attorneys for Secured Creditor
6  CITIZENS BUSINESS BANK

7

8               **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  In re:                          Bankruptcy No. LA08-19512 AA

12  FEY 240 NORTH BRAND, LLC, a     Chapter 11
    California Limited Liability
13  company,                        **JOINDER IN MOTION TO DISMISS
                                    AND COMMENTS TO DEBTOR'S STATUS**
14          Debtor,                 **REPORT**

15

16

17      Secured Creditor Citizen's Business Bank ("CBB") hereby (1)

18  joins in the "Motion of the United States Trustee to Dismiss or

19  Convert," (2) responds to the debtor's "Response to Motion to

20  Convert or Dismiss" ("Response") and (3) comments on the debtor's

21  Status Report, as follows.

22      CBB is the holder of a claim in the approximate amount of

23  $8,500,000 secured by first priority deed of trust encumbering

24  the debtor's principal asset: a retail/commercial building

25  located at 240 North Brand Avenue in Glendale, California.  The

26  debtors list CBB's claim as unliquidated, but not disputed.  The

27  debtor is past due two installments of principal and interest.

28      Debtor's Response and Status Report highlight the futility

535430.1                      1                      30175-184

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1   of this case and the merits of the US Trustee's Motion to

2   Dismiss.  The debtor asserts that the entire bankruptcy case is

3   "not . . . a dispute between the debtor and its creditors but

4   rather a dispute between the debtor and one of its tenants,"

5   Response 1:26-28.  Debtor goes on to assert, without explanation,

6   that "a plan cannot be proposed until it is determined if

7   Glendale Career Schools, Inc. is a valid creditor, a secured

8   creditor or an unsecured creditor."  Response 2:24-28.  Indeed,

9   debtor does not even explain the nature of its dispute with that

10  tenant, Glendale Career Schools (or its successor in interest)

11  (hereinafter "GCS") or how the debtor proposes to have that

12  dispute resolved.

13      A debtor, of course, does not need to resolve all disputed

14  claims to confirm a plan.  The usual strategy is either to raise

15  and litigate the validity of claim as part of the plan

16  confirmation proceeding or to create a disputed claims reserve to

17  fund payments to the holder of the disputed claim; with the fund

18  to be paid to the disputed creditor if a post-confirmation ruling

19  goes against the debtor or, if the ruling is more favorable than

20  estimated at the time of confirmation, to the other creditors

21  and, if otherwise appropriate, equity interest holders.  The

22  debtor makes absolutely no showing as to why such a mechanism

23  would not work in this case.

24      Perhaps, the debtor does not wish to propose a disclosure

25  statement, because such a disclosure statement presumably would

26  describe what the debtor contends are the best and worst-case

27  outcomes of the dispute with GCS and describe how the debtor

28  would treat GCS' claim in either scenario.  Such a disclosure

1  statement would give the Court and the interested parties the

2  information necessary to determine whether the confirmation

3  effort is futile.  In light of the debtor's admission that this

4  case is a two-party dispute, the failure to file a proposed

5  disclosure statement and plan give rise to a strong inference

6  that the debtor has no intention of using this bankruptcy case

7  for a legitimate reorganization effort either because it is

8  simply stalling for time or because it recognizes that such a

9  reorganization effort would be futile, or both.

10     In any event, the debtor has done nothing to expedite

11  resolution of the dispute.  It has not filed a petition to remove

12  the action to this Court.  It has not moved for summary judgment

13  in the State Court or otherwise prosecuted its claim in that

14  forum.  It has not even filed a motion in this case to reject its

15  lease with GCS, which would appear to be a prerequisite of

16  clearing marketable title to re-lease the space.

17     September 17, 2008, the date of the status conference and of

18  the hearing on the US Trustee's Motion to Dismiss, will be the

19  78th day after the filing of the petition commencing this single

20  asset real estate case.  By its conduct, as well as its written

21  statements, the debtor essentially has admitted that the

22  bankruptcy petition was filed in bad faith and that it does not

23  intend to mount and has not mounted a good faith effort to

24  reorganize.

25     "In finding a lack of good faith, courts have emphasized an

26  intent to abuse the judicial process and the purposes of the

27  reorganization provisions. Particularly when there is no

28  realistic possibility of an effective reorganization and it is

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

1   evident that the debtor seeks merely to delay or frustrate the

2   legitimate efforts of secured creditors to enforce their rights,

3   dismissal of the petition for lack of good faith is appropriate."

4   *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir. Ga.

5   1984) (citations omitted).

6                              CONCLUSION

7        The Motion of the US Trustee to dismiss or convert should be

8   granted and this Court should enter an order dismissing the case.

9

10  DATED: September  16, 2008   FRANDZEL ROBINS BLOOM & CSATO, L.C.

11

12                        By:
13                              KENNETH N. RUSSAK
                                Attorneys for Secured Creditor
14                              CITIZENS BUSINESS BANK

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

535430.1                        4                              30175-184

1  **PROOF OF SERVICE**

2        I, the undersigned, declare and certify as follows:

3        I am over the age of eighteen years, not a party to the
within action and employed in the County of Los Angeles, State of
4  California.  I am employed in the office of FRANDZEL ROBINS BLOOM
& CSATO, L.C., members of the Bar of the above-entitled Court,
5  and I made the service referred to below at their direction.  My
business address is 6500 Wilshire Boulevard, Seventeenth Floor,
6  Los Angeles, California 90048-4920.

7        On September 16, 2008, I served true copy(ies) of the
**JOINDER IN MOTON TO DISMISS AND COMMENTS TO DEBTOR'S STATUS**
8  **REPORT**, the original(s) of which is(are) affixed hereto, to the
party(ies) listed on the attached service list.

9
☒    **BY MAIL:**  I am "readily familiar" with the firm's practice
10       of collection and processing correspondence for mailing with
the United States Postal Service.  Under that practice, it
11       would be deposited with the United States Postal Service
that same day in the ordinary course of business.  Such
12       document(s) were placed in envelopes addressed to the
person(s) served hereunder for collection and mailing with
13       postage thereon fully prepaid at Los Angeles, California, on
that same day following ordinary business practices.

14
☐    **BY FACSIMILE:**  At approximately _____ , I caused said
15       document(s) to be transmitted by facsimile.  The telephone
number of the sending facsimile machine was (323) 651-2577.
16       The name(s) and facsimile machine telephone number(s) of the
person(s) served are set forth in the service list.  The
17       document was transmitted by facsimile transmission, and the
sending facsimile machine properly issued a transmission
18       report confirming that the transmission was complete and
without error.

19
☐    **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said
20       document(s) to be served by means of this Court's electronic
transmission of the Notice of Electronic Filing through the
21       Court's transmission facilities, to the parties and/or
counsel who are registered CM/ECF Users set forth in the
22       service list obtained from this Court.

23        I certify under penalty of perjury under the laws of the
State of California and the United States of America that the
24  foregoing is true and correct.

25        Executed on September 16, 2008, at Los Angeles, California.

26

27  _____
MADELINE OOLIE
28

1                          **SERVICE LIST**

2   John P. Schock, Esq.
    Schock & Schock, alc.
3   210 So. Orange Grove Blvd.
    Suite 200
4   Pasadena, CA 91105

5   Mitchell B. Ludwig, Esq.
    Knapp, Peterson & Clarke
6   500 North Brand Blvd., 20th Floor
    Glendale, CA 91203

7

    Peter C. Anderson, U. S. Trustee
8   Ron Maroko, Esq.
    725 S. Figueroa St., Suite 2600
9   Los Angeles, CA 90017

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

535609.1                        2                        30175-184